Smith, J.
We are of the opinion that under the facts disclosed in the bill of exceptions, it was incumbent on the plaintiff in error on the trial of the court of common pleas, in addition *564 to the production of the notejjand chattel mortgage, which was executed to them by the assignor, a few days before the assignment, to show that such mortgage was obtained in good faith, and was not given to create a preference among creditors; or to secure a pre-existing debt, other^than upon real estate for the purchase-money thereof. The first clause of section 6355, provides that every person who shall have performed any labor as an operative in the service of the assignor shall be entitled to receive out of the trust funds, before the payment of other creditors, the full amount of the wages due to such person for such labor performed within twelve months preceding the assignment, not exceeding $300.00, And it was conceded .that the operatives in this case who were preferred to the mortgage claim, came within his provision. It is then stated in the succeeding part of the section that the foregoing provisions shall not in any way affect securities given or liens obtained in good faith, for value, but that judgments by confession on warrants of attorney, rendered within two months prior to the assignment, or securities given within such time to create a preference among creditors, or to secure a pre-existing debt, other than upon real estate for the purchase money thereof, shall be of no force or validity as against such claims for labor to the extent above provided, in case of assignment,” It would seem, therefore, that where it appears that operatives have such a claim, that the mere production of aunóte or mortgage given within two months prior to the assign-men, without any proof that it was obtained in good faith, or was not given to create a preference among creditors or to secure a pre-existing debt, is not sufficient to entitle^.it to priority over the claims of such operatives. The judgment of the common pleas will therefore be affirmed.
Morey, Andrews & Morey attorneys for plaintiff in error,
P. 6r. Berry, attorney for defendant in error.